## WARREN SANDERS v. THE COMMONWEALTH.

ERROR TO THE COURT OF QUARTER SESSIONS OF GREENE COUNTY.

Argued October 5, 1887—Decided October 17, 1887.

An indictment for selling liquors without a license under § 4, act of April 12, 1875, P. L. 40, was found a true bill on January 5, 1887, but was not tried until June 25, 1887, after the passage of the act of May 13, 1887, P. L. 108: *Held,* That, § 3 of the latter act permitting the granting of licenses under former laws up to June 30, 1887, it was not error to refuse to quash the indictment and to try and sentence the defendant under the provisions of the former act.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY, and CLARK, JJ., absent.

No. 171 October Term 1887, Sup. Ct.; court below, No. 17 January Term 1887, Q. S.

With this cause there was argued and decided Thomas v. The Commonwealth, No. 172 October Term 1887, Sup. Ct.; court below, No. 17 April Term 1887, Q. S., in which the same questions were involved.

On January 5, 1887, an indictment of Warren Sanders for

the unlawful and willful sale of vinous, spirituous, malt and brewed liquors and admixtures thereof to Lem. McMasters and others named, was found a true bill. Process was awarded and on June 21, 1887, the defendant was arrested and brought into court.

On the trial, June 25, 1887, before JAMES INGHRAM, P. J., the defendant moved to quash the indictment for the reasons (1), that the indictment was found under § 4, act of April 12, 1875, P. L. 40, at January Term, 1887, charging an offence committed on January 3, 1887, and at divers other times before that time, all prior to the date when the act of May 13, 1887, P. L. 108, became a law operating to repeal the act upon which the indictment was founded; and (2), because, the defendant not having been convicted upon the indictment prior to the time when the act of May 13, 1887 became a law, the penalty provided by the act under which the indictment had been framed and found could not be inflicted upon him. The motion to quash was overruled; exception.[1]

Then the defendant, with the plea of not guilty, filed also a special plea, embodying the grounds and facts contained in the motion to quash. A demurrer to the special plea was sustained and the trial ordered to proceed under the general plea.[2]

At the close of the evidence the defendant asked the court to charge:—

1. That the indictment in this case, being founded on the act of assembly of April 12, 1875, entitled, "An act to repeal an act to permit the voters of this commonwealth to vote every three years on the question of granting licenses to sell intoxicating liquors, and to restrain and regulate the sale of the same," and having been found at January sessions, 1887, of this court, the said act of April 12, 1875, is not now in force as to this defendant and he is not now legally liable under the indictment.

Answer: Refused.[3]

2. That in this case, under the law as it now exists, your verdict should be not guilty.

Answer: Refused.[4]

The jury returned a verdict of guilty, when the defendant filed a motion in arrest of judgment upon the following grounds:

1. The defendant being charged under the act of April 12,

1875, P. L. 40, with having, on January 3, 1887, sold vinous, spirituous and brewed liquors and admixtures thereof to certain persons named in the indictment, to be used as a beverage, without first having obtained a license, said indictment having been found by the grand jury against the defendant on January 5, 1887, and no trial or conviction thereon having been had until June 25, 1887, the court is now without power or authority to sentence the defendant under said indictment, for the reason that the punishment provided by said act of 1875 for the offence charged in the indictment has been repealed or set aside as to this defendant and the offence so charged against him, by the provisions of the act of assembly of Pa. of May 13, 1887, entitled, " An act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixtures thereof."

2. That the penalty provided by said act of April 12, 1875, for the offence charged in the indictment, cannot now since the passage of said act of assembly, approved May 13, 1887, be legally imposed upon this defendant under the indictment in this case.

3. That to now sentence the defendant in pursuance of the conviction had on June 25, 1887, upon the indictment in this case, would, under the law as it now exists, be illegal and contrary to the defendant's constitutional rights and privileges.

By the court: And now June 27, 1887, the defendant's motion in arrest of judgment is overruled and an exception sealed for the defendant, at his instance.[5]

The defendant was then sentenced under § 4, act of April 12, 1875, and thereupon took this writ assigning for error:

1. The overruling of the motion to quash.[1]

2. The sustaining of the demurrer to the special plea.[2]

3, 4. The answers to the defendant's points.[3] [4]

5. The overruling of the motion in arrest of judgment.[5]

*Mr. P. A. Knox* (with him *Mr. James E. Sayers*), for the plaintiff in error:

1. The act of May 13, 1887, became a law on the day it was approved by the governor: Wartman v. Philadelphia, 33 Pa. 208; and was in force at the date of the trial of this indictment.

2. That act is wholly inconsistent with the act of April 12, 1875. There was no intent on the part of the legislature to revive, amend or extend the former act by the latter one, and none of the provisions of the former act are "re-enacted and published at length," as required by § 6, article III., of the constitution. The conflict is especially apparent in the provisions prescribing the punishment to be inflicted in § 4 of the former and § 15 of the latter act. If two acts are inconsistent and repugnant, the former is repealed: Commonwealth v. Railroad Co., 53 Pa. 62; Gwinner v. Railroad Co., 55 Pa. 126; Southwark Bank v. Commonwealth, 26 Pa. 446; Union Improvement Co. v. Commonwealth, 69 Pa. 140; Bourgignon B. Ass'n v. Commonwealth, 1 Penny. 193; Commonwealth v. Railroad Co., 55 Pa. 452; Iron City Bank v. Pittsburgh, 37 Pa. 340; Nusser v. Commonwealth, 25 Pa. 127. A subsequent statute revising the subject matter of a former one and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former to the extent to which its provisions are revised and supplied: Bartlett v. King, 12 Mass. 545; Commonwealth v. Cromley, 1 Ash. 181; Abbott v. Commonwealth, 8 W. 518; Johnson's Est., 33 Pa. 515.

3. No proceeding begun under a statute which is afterward repealed can be continued unless there be a saving clause in the repealing act: Hatfield Township Road, 4 Y. 392; Commonwealth v. Beatty, 1 W. 382; Commonwealth v. Duane, 1 Binn. 601; Abbott v. Commonwealth, 8 W. 517; Commonwealth v. King, 1 Wh. 460; Genkinger v. Commonwealth, 32 Pa. 99.

4. By § 12 of the act of 1875, "none of the provisions of this act shall be held to authorize the manufacture or sale of any intoxicating liquors in any city, county, borough or township having special prohibitory laws." There are many boroughs, townships, districts, and one county, Potter, having special prohibitory laws: P. L. 1866, 658, 337, 339, 735; P. L. 1867, 591, 1288; P. L. 1868, 333, 893; P. L. 1869, 456, 485, 759, 953, 819, 1022; P. L. 1870, 197, 863, 1116; P. L. 1871, 815; P. L. 1872, 278; 299, 453. The act of 1875 does not apply to Allegheny county: Kilgore v. Commonwealth, 94 Pa. 495.

It is therefore a local law: Morrison v. Bachert, 112 Pa. 328; Davis v. Clark, 106 Pa. 377; Commonwealth v. Patton, 88 Pa. 260; Scowden's App., 96 Pa. 425, and, if so, is expressly repealed by § 19 of the act of 1887, which declares that "all local laws fixing a license rate or fee less than is provided for in this act be and the same are hereby repealed." The act of 1875 does provide a license fee as low as $50, which is less than any such fee fixed by the act of 1887.

*Mr. D. R. P. Huss, District Attorney,* for the defendant in error:

1. A principle of construction is that a general act is not to be construed to repeal a previous particular act unless there is some express reference to the previous legislation on the subject, or unless there is a necessary inconsistency in the two acts standing together: Thorpe v. Adams, L. R. 6 C. P. 125; Queen v. Champneys, Idem, 394; Bounty Accounts, 70 Pa. 96. To repeal a preceding statute by implication there must be a positive repugnancy: Mayor v. Davis, 6 W. & S. 269. If two statutes can stand together the latter does not abrogate the former. The whole course of legislation is to be so construed that every part and every word shall have its effect if it consistently can: Erie v. Bootz, 72 Pa. 196.

2. The act of 1875 and that of 1887 are affirmative in their character and the substance such that both may stand together. This being true both shall have a concurrent efficacy: 1 Bl. Com. 89; Bank v. Commonwealth, 10 Pa. 448. The act of 1887 was undoubtedly intended to be retrospective as to both the act of April 14, 1855, and the act of April 12, 1875, or a revision of the subject matter of the two acts, thus providing a general system to operate throughout the state.

3. The act of 1887 did not go into effect on its approval by the governor. The act of 1855, P. L. 227, contains in substance in its § 14, the same provision as to the date, July 1, 1855, from which licenses shall be granted under it, as is contained in the proviso of § 3 of the act of 1887. It is held that that act did not go into effect until July 1, 1855. Hence we hold that the act of 1887 did not go into effect until June 30, 1887.

PER CURIAM:

The effect of the 3d section of the act of the 13th of May, 1887, P. L. 108, is to permit the granting of licenses under former laws up to the 30th of June, 1887. This necessarily keeps in full force all the previous provisions and penalties connected with the granting of such licenses, not only up to the time aforesaid, but until the expiration of such licenses. It would be a curious legal anomaly to hold that the liquor vender might have his license under the former act, and yet be exempt from the conditions to which by the same act it was made subject. It follows, that the court below was right in refusing to sustain a construction of the act of 1887 such as contended for by the defendants.

The judgments are affirmed.