## Fred W. Hays, Plff. in Err., v. City of Oil City.

Points of law may be reserved on the whole evidence, without a finding of facts by the jury or agreement as to the facts.

The preparation of a code of laws, and ordinances of the city of Oil City, by the city solicitor, under a resolution of councils, is incidental to his office, under the provision of the city charter that "he shall do all and every professional act incident to the office, which may be required of him by the mayor . . . or by resolution of the said councils;" and hence he cannot recover compensation for such service, in addition to his salary.

(Argued October 6, 1887. Decided October 25, 1887.)

October Term, 1887, No. 169, W. D. Error to the Common Pleas of Venango County to review a judgment in favor of defendant in an action to recover for services rendered. Affirmed.

The facts of the case as they appeared at the trial, and the course of procedure adopted, together with the questions presented, appear from the following opinion of the court below, TAYLOR, P. J., on the reserved questions of law:

"This is an action of assumpsit brought by the plaintiff, claiming to recover the value of certain services rendered to the defendant.

"F. W. Hays, Esq., was the regularly constituted solicitor for the city. A short time prior to the adoption by the city of the act approved May 23, 1874, and its supplements, to wit, January 25, 1881, the question of having digested that portion of the act pertaining to the city was discussed by members of the council when in session, and with individual members outside the council chamber. When the plaintiff was referred to he informed them that he considered such services as being outside

NOTE.—For the reservation of questions of law in the trial of a case, see note to McCallin v. Herzer, 4 Sad. Rep. 64.

Public officers cannot recover additional compensation for services rendered, which are within the scope of their official duties, and a contract to so pay cannot be enforced. Lancaster County v. Fulton, 128 Pa. 48, 5 L. R. A. 436, 18 Atl. 384; Rothrock v. School Dist. 133 Pa. 487, 19 Atl. 483. But he may recover for services performed not imposed upon him by virtue of his office. Re Jenkins Twp. 1 Kulp, 111. Or for services rendered after the expiration of his official term upon proof of a new engagement. Fulton v. Lancaster County, 162 Pa. 294, 29 Atl. 763.

of his duties as the city solicitor; and, to the individual members, at last, he told that for such services, if performed by him, he should expect to receive extra compensation therefor. At a meeting of the common council, held April 5, 1881, a resolution was passed as follows: 'Resolved. That the city attorney is hereby requested to make up a digest, or pandect, of the "Wallace Act," appertaining to cities of the fifth class, for the use of the city councils.' Carried.

"This resolution was passed by the select council. At this meeting of councils some members testify that the question of extra compensation for the work was talked of; while others, one of the movers of the resolution indicated, heard nothing regarding compensation. It may be fairly gathered from all the testimony that no amount was agreed upon, nor was there any official action that an extra compensation should be paid. More than a year after the passage of this resolution another was passed authorizing the publication, etc., of the ordinances. The work was completed by Mr. Hays. The acts of assembly and the ordinances were published in a volume, which was offered and accepted by the councils. If I remember correctly no demand was made for payment for about two years after the completion of the work; and when made, the authorities declined to pay, alleging that there was no consent to pay, and that the services rendered were within the line of his duties as counsel for the city, and that he had been paid for such services by the payment of his annual salary.

"Upon the trial it was conceded that the value of the services for which the plaintiff was entitled to recover, if at all, was $250, with interest. The jury was instructed to find a verdict for the plaintiff for the amount, subject to the questions of law reserved, *viz.:* 1, Whether there is sufficient evidence of a contract to impose a liability upon the municipality; 2, whether a party could recover for services like those proved, upon a *quantum meruit* against a municipality; 3, whether the services performed were, under the law defining the duties of the city solicitor, outside the line of such duties.

"If the court should be of the opinion that all of these propositions should be affirmed, then judgment for the plaintiff upon the verdict. But if the court should be of the opinion that any one of them was against the plaintiff, then judgment for the defendant, *non obstante veredicto.*

"The first and second propositions we may rule for the plaintiff without comment, but the third requires more careful consideration.

"The relation sustained by the plaintiff to the city, and his duties, are defined in § 48 of the charter, which provides for his election, his title, etc. And the seventh clause provides 'that the city solicitor shall receive a fixed annual salary; and all fees received by him in his official capacity shall be paid into the city treasury, monthly, as hereinbefore provided.'

"There are seven clauses defining his duties, but the third is the most important in this investigation. It provides: 'He shall prepare all bonds, obligations, contracts, leases, conveyances, and assurances which may be required of him by any ordinance of the corporation of the city (to), commence and prosecute all and every suit and suits, action and actions, brought and to be brought by the corporation, for or on account of any of the estate, rights, trusts, privileges, claims, or demands of the same, as well as to defend all actions or suits brought or to be brought against the said corporation, or any officer thereof, within or whereby any of the estates, rights, privileges, trusts, ordinances, or acts of the corporation, or any branch thereof, may be brought in question before any court in this commonwealth; and shall do all and every professional act incident to the office, which may be required of him by the mayor of said city, or by any committee of the select or common council, or by any ordinance or resolution of the said councils or either of them.'

"That the city solicitor is an officer of the corporation will not be questioned. In Accommodation Loan & Sav. Fund Asso. v. Stonemetz, 29 Pa. 534, and Kilpatrick v. Penrose Ferry Bridge Co. 49 Pa. 118, 88 Am. Dec. 497, it is ruled 'that corporations are not liable on a *quantum meruit,* for services performed by their officers; there must be an express contract for compensation or there can be no recovery.'

"This rule is somewhat modified in Chester County v. Barber, 97 Pa. 455. Barber was counsel for the commissioners; and with reference to his right to recover the court says: 'Whether the plaintiff, Barber, can recover anything will depend upon the terms of his previous engagement as solicitor to the commissioners.'

"In my opinion the principle which should apply to the con-

struction of the contract between the plaintiff and the city, as
its solicitor, as found in the third clause before recited, is laid
down by Dillon on Municipal Corporations, vol. 1, § 172, p.
290, as follows: 'It is a well-settled rule that a person accept-
ing a public office, with a fixed salary, is bound to perform the
duties of the office for the salary. He cannot legally claim ad-
ditional compensation for the discharge of these duties, even
though the salary may be a very inadequate remuneration for
the services. Nor does it alter the case that by subsequent
statutes or ordinances, his duties within the scope of the charter
powers pertaining to the office are increased, and not his salary.
Whenever he considers the compensation inadequate, he is at
liberty to resign. The rule is of importance to the public. To
allow changes and additions in the duties properly belonging, or
which may properly be attached, to an office, to lay the founda-
tion for extra compensation, would introduce intolerable mis-
chief. The rule, too, should be rigidly enforced. The statutes
of the legislature and the ordinances of our municipal corpora-
tions seldom prescribe with much detail and particularity the
duties annexed to public offices; and it requires but little in-
genuity to run nice distinctions between what duties may and
what may not be considered strictly official; and if these dis-
tinctions are much favored by courts of justice, it may lead to
great abuse.'

"The charter becomes the contract between the plaintiff and
the city. There are six clauses therein defining his duties. The
third clause, before recited, in connection with the others, would
seem to have been intended to cover every possible contingency
wherein the professional services of a solicitor could be required.
After setting forth many items specifically, as if to cut off the
controversy, it closes with this broad and sweeping assertion:
'And shall do all and every professional act incident to the
office, which may be required of him by the mayor of the said
city, or by any committee of the select or common council, or
by any ordinance or resolution of the said councils or either of
them.'

"Some light is thrown upon how the council regarded the
services called for by the resolution, from the fact that at the
same meeting resolutions were offered fixing the salary of the
solicitor, both of which were negotiated, while this resolution
itself and the acts of councils were entirely silent as to com-

pensation. Lawyers may, and possibly do, honestly differ as to whether the services performed, and here claimed for, were strictly incident to the office.

"It was most certainly the professional labor of an attorney. It strictly pertained to the lawful administration of the government of the municipality; and it was needed by the council in the performance of their official duties.

"Applying now the rule laid down by Dillon, before recited, that 'nice distinctions between what duties may and what may not be considered strictly official should meet with little favor by the courts,' and that this rule should be rigidly enforced (although it may make a seeming hardship in particular cases), yet it is a salutary rule, to be enforced for the public benefit.

"For the reasons given I am of the opinion that judgment should be entered for the defendant, *non obstante veredicto,* upon the reserved questions."

The plaintiff claimed that he was entitled to judgment, on the verdict in his favor, for $268.75, and excepted on the grounds: 1st, because of the irregularity of the reserved points of law without any finding or agreement as to the facts; and 2d, on the merits of the plaintiff's claim—it being for services rendered clearly not incident to the duties of the office of city solicitor, and not included in the duties which are specifically set out in clause 3, § 40, of said act.

*William McNair,* for plaintiff in error.—The rule of law that there must be a finding of the jury or agreement as to the facts before a judgment *non obstante veredicto* will be sustained is well settled; and the authorities are numerous and uniform as to that point.

"The facts upon which the questions arise should be found by the jury or agreed upon by the parties, and should be distinctly stated, as well as the questions raised upon them." Robinson v. Myers, 67 Pa. 18.

The facts must appear upon the record, by the verdict or agreement; the judge cannot himself draw conclusions of fact from the evidence. Com. use of Dimes Sav. Fund v. McDowell, 86 Pa. 379; Irwin v. Wickersham, 25 Pa. 316; Winchester v. Bennett, 54 Pa. 510; Patton v. Pittsburgh, C. & St. L. R. Co. 96 Pa. 169; Inquirer Printing & Pub. Co. v. Rice, 106 Pa. 623; Buckley v. Duff, 111 Pa. 227, 3 Atl. 823; Central Bank v. Earley, 113 Pa. 477, 6 Atl. 236.

The omission is not cured by a statement in the opinion of the court filed afterward on entering judgment. Buckley v. Duff, 111 Pa. 227, 3 Atl. 823.

In this case judgment should be entered for the plaintiff on the verdict as in Smith v. Arsenal Bank, 104 Pa. 521: "We have, therefore, the verdict of the jury in favor of the plaintiff below, with nothing on the record that would justify us in disturbing it."

It does not seem reasonable, or good common sense, that such a special service as that in question here, equal in value to nearly his annual salary, should be imposed upon the solicitor; and it cannot be done without putting a strained construction on the words "incident to the office." See Pardee's Appeal, 100 Pa. 412.

The service was not within the solicitor's prescribed duties, and the employment was within the general powers of the city. Williamsport v. Com. 84 Pa. 501, 24 Am. Rep. 208; Chester County v. Barber, 97 Pa. 463.

"Municipal corporations are subject to be sued upon contracts . . . within the scope of the chartered powers of the corporation, and duly made by the proper officers or agents,— they are liable in the same manner and to the same extent as private corporations or natural persons." Dill. Mun. Corp. § 749.

The present state of the authorities clearly justifies the opinion of Chancellor KENT that corporations may be bound by implied contracts within the scope of their powers, to be deduced by inference from authorized corporate acts, without either a note, or deed, or writing. This doctrine is applicable equally to public and private corporations. Id. § 383.

*Ash & Carey,* for defendant in error.—A person accepting a public office, with a fixed salary, is bound to perform the duties of the office for the salary. 1 Dill. Mun. Corp. §§ 172, 173, p. 290; Carr v. Chartiers Coal Co. 25 Pa. 337.

The city solicitor is a public officer. See act of May 23, 1874, § 40, defining his duties, and Evans v. Com. 74 Pa. 124.

Corporations are not liable on a *quantum meruit* for services performed by their officers; there must be an express contract for compensation, or there can be no recovery. Kilkpatrick v. Penrose Ferry Bridge Co. 49 Pa. 118, 88 Am. Dec. 497; Ac-

commodation Loan & Sav. Fund Asso. v. Stonemetz, 29 Pa.
534; Chester County v. Barber, 97 Pa. 455; Lehigh County
v. Kleckner, 5 Watts & S. 185; Salsbury v. Philadelphia, 44 Pa.
303; Addis v. Pittsburgh, 85 Pa. 379; Field v. Union Box Co.
2 W. N. C. 426; 1 Dill. Mun. Corp. §§ 172, 173, and notes.

PER CURIAM:

We cannot sustain the exception to the reserved points in
this case, since they were reserved on the whole evidence. A
finding of facts by the jury would have been to no purpose, as
they could not find contrary to the evidence; and a finding in
accordance with it would have been a mere restatement of the
testimony.

As to the remaining exception we have only to say that the
learned and able opinion of the president judge so clearly and
fully justifies his judgment as to leave us nothing to do but to
concur in it.

The judgment is affirmed.