NASH *v.* KNOXVILLE.

(*Knoxville.*    November  7,  1901.)

MUNICIPAL CORPORATIONS.    *Not liable for physician's services in smallpox cases, when.*

A municipal corporation is not liable to a physician, filling the position of Secretary of the Board of Health on a salary, for services rendered outside his regular official duties, at the instance of other city officials having no authority to employ him, in suppressing an epidemic of smallpox, where it appears that he was not employed by the city authorities to render such services, and that he gave no notice of his purpose to make extra charge for same, and that the city authorities did not accept and could not have prevented his rendering same.

Case cited: Nashville *v.* Toney, 10 Lea, 647.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. G. KYLE, Ch.

J. W. CALDWELL, and SANSOM, WELKER & PARKER for Nash.

R. L. CATES for Knoxville.

MCALISTER, J.    The object of this bill is to recover for professional services alleged to have been

rendered the city by complainant in the treatment of smallpox patients. The bill alleged that the complainant is a regular practicing physician in the city of Knoxville; that, in the latter part of the year 1897 and the early part of 1898, extending up to June, 1898, smallpox was prevailing to a greater or less extent in the city. Complainant alleges that at that time he was Secretary of the Municipal Board of Health. He alleges further that he was the only physician in the city of Knoxville who had any experience in the diagnosis and treatment of smallpox, and that he was called upon by officials of the city to render what services he could in the suppression of the epidemic, which at that time was spreading. Complainant further alleges that he accordingly performed the services as set out in his itemized statements of account which are filed as exhibits to his bill. It is further alleged that during this period, from about the first of December, 1897, to June, 1898, his private practice was almost totally destroyed, owing to the fact that his patients would not employ him on account of his practice among smallpox patients. He alleges that his services to the city were reasonably worth $1,115, and that his private practice was worth more than the sum of $250. He further alleges that his duties as Secretary of the Board of Health were merely clerical, and that his services in the treatment of smallpox patients were not required by his official duties.

Defendant answered the bill, denying first that

complainant was ever employed to perform the serv-
ices; second, that the services were actually per-
formed; third, the reasonableness of the charges;
and fourth, that Dr. Nash, as Secretary of the
Board of Health, could contract with the city for
the performance of duties that required additional
compensation.

The Chancellor, on the hearing, dismissed the bill,
and on appeal this decree was affirmed by the Court
of Chancery Appeals.    That Court held upon the
proof that Dr. Nash was not employed to render
these services, and that, so far as the city was con-
cerned, they were rendered gratuitously and wholly
without authority to bind the Mayor and Aldermen.

It is insisted that whether Dr. Nash was lawfully
employed or not, his services were accepted by the
city, and that therefore the city is liable.    Counsel
cite in support of this position *Nashville* v. *Toney*,
10 Lea, 467, in which it appeared, viz.:

"And on June 7, 1873, they passed the follow-
ing resolution: 'That the Mayor, in conjunction and
with the advice of a sanitary commission of physi-
cians, just appointed by the Mayor, be and they are
hereby authorized to adopt and carry out such meas-
ures, and employ such means, as may be deemed
necessary to maintain the health of the city and to
prevent the further spread, if possible, of the chol-
era.'    The testimony showed that a large number of
the cholera patients were sent by the Mayor and
sanitary commission to the hospital to be nursed and

taken care of, etc., by the plaintiff, who furnished them nurses, bedding, care, boarding, lodging, medicines, brandies, wines, etc., to a large amount and of considerable value.

"It was first objected by defendant, and the Court was requested to charge the jury, that there was no privity of contract between the plaintiff and the defendant, and that the plaintiff was not entitled to maintain the action. This the Court declined, but charged that under the resolutions of the City Council, above referred to, the plaintiff was entitled to maintain the action in her own name, as matron of the hospital, and recover whatever sum the proof should show she was entitled to. This charge, in view of the testimony, was correct, and might have gone further and stated that if the defendant had made no other provision for taking care of its charity patients, and knew that the plaintiff was taking care of and supporting them for and on account of the city, and accepted and received the benefit of such services, she could recover, under the common count in assumpsit for work and labor, etc., whatever the same was reasonably worth, and even if there was no special contract existing with the plaintiff. 2 Kent's Com., 291; 42 N. H., 125; 13 Ill., 371; Dillon on Mun. Corp., Sec. 385." *Nashville v. Toney*, 10 Lea, 647.

We do not think the Toney case applies here. The Court of Chancery Appeals finds that there is nothing to show the city authorities accepted the

services of Dr. Nash, or could in any way have prevented them. The city was given no notice, says the Court, that the Doctor was rendering the services charged for and was relying on the city for pay. The fact is that, at the time Dr. Nash claims to have rendered these services, he was in the employment of the city at a salary of $300 per annum as Secretary of the Municipal Board of Health. The city authorities were well warranted in believing that Dr. Nash was rendering these services in connection with his office. It is said, however, that in respect of some of the items of his account for professional services rendered, he was specifically employed by Dr. Coile, the city physician. We held at the last term here that Dr. Coile, the city physician, was entitled to no extra compensation for similar services rendered during the prevalence of said epidemic, for the reason they came within the scope of his official duties. It is clear from the provisions of the charter as well as the ordinances. of the city that Dr. Coile had no authority to employ the Secretary of the Board to perform such services at an extra compensation, nor any authority to incur any liability against the city. Moreover, the substance and effect of Dr. Coile's testimony is, that in certain cases for which Dr. Nash has made a charge, he (Coile) called upon Dr. Nash to verify his (Coile's) diagnosis as to smallpox, but that Dr. Nash did not treat these patients. Dr. Coile dis-

Nash *v.* Knoxville.

claims any knowledge whatever of many of the items for which Dr. Nash has made a charge.

We do not doubt that Dr. Nash did render valuable services to the city, but under the facts found by the Court of Chancery Appeals and the law governing the case, we are constrained to hold the city is not liable.    Affirmed.