## Bovaird, Appellant, *v.* City of Bradford.

*Public officers—Municipalities—Treasurer—Compensation—Acts of May 23, 1889, P. L. 277, and May 16, 1901, P. L. 224—Clerk hire—Failure of plaintiff to establish case.*

1. In an action of assumpsit by the city treasurer of a city of the third class against the city to recover a sum alleged to be due as salary for a clerk to the city treasurer under an ordinance of the city providing "that the clerk to the city treasurer . . . . shall receive an annual salary of $720. . . ." which ordinance was repealed after his election to the office, his claim being based upon the Act of May 23, 1889, P. L. 277, 13 Par., sec. 3, art. 5, which directs that "no ordinance shall be passed increasing or diminishing the salary of any officer after his election or appointment," a verdict is properly directed for the defendant where the plaintiff, being put to his proofs, did not attempt to show that any clerk had been appointed by himself or the city councils, and the testimony tending to show that a certain person in the office had acted as clerk was entirely insufficient to raise an issue of fact.

2. If in such a case the failure to appoint, cast heavier duties upon the treasurer which he performed, such fact would, under no circumstances, give the treasurer any right to the salary of the clerk, and the increased labor would not be in diminution of his own salary.

Argued May 2, 1911.   Appeal No. 301, Jan. T., 1910, by plaintiff, from judgment of C. P. McKean Co., June T., 1908, No. 244, on verdict for defendant in case of William Bovaird, Jr., v. City of Bradford. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for clerk's salary under ordinance of city of Bradford. Before BOUTON, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in directing verdict for defendant.

*Rufus B. Stone*, with him *James George*, for appellant.— That the expense of necessary clerk hire must be deemed to be included in the compensation or salary of a public

officer has been judicially determined: Bruce v. Dodge County, 20 Minn. 388.

The effect, therefore, of the ordinance providing for the payment of clerical hire is within the prohibition of the act of 1889, forbidding the increase or decrease by municipal ordinance of the salary of a municipal officer: Olmstead v. N. Y., 42 N. Y. Super. Ct. 481; Shelby v. Alcorn, 36 Miss. 273; Hall v. Wisconsin, 103 U. S. 5; Com. v. Binns, 17 S. & R. 219; Riddle v. Bedford County, 7 S. & R. 386.

*F. P. Schoonmaker,* for appellee.—The term salary means a reward or recompense paid for personal service; as applied to a public officer it means the compensation paid him for his personal services in discharge of the duties of his office: Windmiller v. People, 78 Ill. App. 273.

An allowance for clerical hire would not therefore be a part of the treasurer's salary which is the "compensation paid for his personal services:" McCormick v. Fayette Co., 150 Pa. 190; Richie v. Philadelphia, 225 Pa. 511; Com. v. Black, 201 Pa. 433; Bigley v. Bellevue Boro., 158 Pa. 495.

OPINION BY MR. JUSTICE STEWART, July 6, 1911:

The city of Bradford is a city of the third class. The act of assembly governing cities of this class creates the office of city treasurer, and provides that such officer "shall receive a fixed annual salary to be provided by ordinance:" Act of May 23, 1889, art. 8, sec. 1, P. L. 277, as amended by Act of May 16, 1901, sec. 23, P. L. 224. The act makes no provision for the election, appointment, or employment of a clerk to the treasurer; but the city council, by ordinance approved March 19, 1902, directed "That the clerk to the City Treasurer from and after the first Monday in April, 1902, shall receive an annual salary of $720, to be paid in monthly installments in the same manner that the salaries of other city officials are now paid." At a municipal election in 1905 appellant was elected to the office of city treasurer, for the term of three years beginning the first Monday in April, 1905; he duly

qualified and served out his term. Immediately preceding his entry into office, the city councils by ordinance approved March 10, 1905, repealed the ordinance of March 19, 1902, providing a salary for the clerk to the treasurer. Appellant brought this action to recover from the city the sum of $2,349, which he claimed as clerical hire accruing under the ordinance of March 19, 1902, which was in force at the time of his election, basing his claim on the prohibition contained in the Act of May 23, 1889, P. L. 277, 13 Par. sec. 3, art. 5, which directs that "no ordinance shall be passed increasing or diminishing the salary or compensation of any officer after his election or appointment;" his contention being that the effect of the repealing ordinance was to diminish the salary or compensation of city treasurer, and that having been passed after his election to the office, if not entirely nugatory, it could become effective only after the completion of his term of office. As this record stands we are not called upon to decide the several questions raised on the argument. A demurrer must have proved fatal to plaintiff's action. In the statement of claim filed it is averred that on February 27, 1905, plaintiff, by virtue of the provisions of said ordinance, appointed one Clinton J. Boyd as clerk to the city treasurer to serve during his said term of three years from April 1, 1905, and on the same day notified the mayor and city controller of the city of Bradford in writing of such appointment; that on April 3, 1905, the said Clinton J. Boyd entered upon his duties as said clerk to the city treasurer, which position he held and which duties he performed until April 6, 1908, the end of plaintiff's term of office as said city treasurer, and of said Boyd's appointment. Under this state of facts what possible right of action was in the plaintiff? The suit was for salary, but the salary was payable to the clerk, and to him alone. The plea of non assumpsit put the plaintiff to his proofs. And here he wholly failed. He did not attempt to prove that any clerk had been appointed by himself or by the city councils. His effort to

prove that Boyd had acted as clerk was too feeble to raise an issue of fact. It was confined to the testimony of a single witness, whose testimony was as follows: "I did understand that there was a man in the City Treasurer's office, but just what position he occupied relative to the City Treasurer I don't know—he was performing duties, he and the Treasurer together were performing the duties of the office—his name was C. J. Boyd." Not a particle of testimony beyond this was offered to show that a clerk had served at any time or for any period. Its insufficiency for the purpose is too obvious to call for discussion. If no clerk was appointed, and none served, no salary accrued. If by reason of failure to appoint heavier duties were cast upon the treasurer which he performed, such fact, under no conditions, would give the treasurer any right to the salary of the clerk. The increased labor would not be in diminution of his own salary. It is universally recognized that a change in the duties of an office during the term of the incumbent does not affect the compensation. See the authorities cited in 29 Cyc. 1424. "It is well it should be distinctly understood," said PAXSON, C. J., in Pierie v. Phila., 139 Pa. 573, "that county officers whose salaries have been fixed by the Act of March 31, 1876, P. L. 13 have no right to extra charges for services pertaining to their offices and which have been cast upon them by law." Verdict was properly directed for the defendant. The judgment is affirmed.