LIVESAY *v.* TOWN OF ROGERSVILLE.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

J. R. NICHOLS and FRANK P. BOWEN, both of Knoxville, for appellant.

PHILLIPS & HALE, of Rogersville, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to recover $866.67 for extra services alleged to have been rendered by complainant while in

service of the town as superintendent of the waterworks. The chancellor found that the complainant was employed by the waterworks commission in 1928 at a salary of $25 a week and continued the employment under that contract until February, 1932, without any contract for additional compensation.

From May, 1930, to February, 1931, an unusual drought prevailed, which made it necessary for complainant to operate the water pumps during the night so as to keep up the supply, but there was no agreement or contract by which the town obligated itself to pay complainant additional compensation for the work done at night. The chancellor, upon these facts, held the town not liable and dismissed the bill.

The Court of Appeals concurred in the chancellor's finding of facts, but held that they supported the theory of implied contract, by which the town would be obligated to pay compensation for the extra services, and the court reversed the decree of the chancellor and remanded the cause so that complainant might amend his bill to sue and recover compensation upon an implied contract.

The cause is here upon petition for *certiorari.*

The decisions recognize the necessity of protecting public funds against politically grounded claims and unexpected claims against municipalities, and for that reason the courts strictly enforce the rule of law which forbids recovery by public employees of extra compensation based upon a claim of overtime service. 2 McQuillin Municipal Corporations, section 544.

In observance of that rule it is said that extra compensation to a municipal employee cannot be paid upon a mere promise to pay or a mere claim for increase of duties. *Gathemann* v. *Chicago,* 263 Ill., 292, 104 N. E.,

1085; *Connolly* v. *Des Moines*, 200 Iowa, 97, 204 N. W., 284; *Bovaird* v. *Bradford*, 232 Pa., 600, 81 A., 719; *May* v. *Chicago*, 222 Ill., 595, 78 N. E., 912.

In *Nash* v. *Knoxville*, 108 Tenn., 68, 64 S. W., 1062, it was held that an employee of a municipality could not recover for work done outside his regular hours or outside his regular employment, in the absence of a contract with a municipal agency to compensate for the extra time or extra work. In accord is the case of *O'Boyle* v. *Detroit*, 131 Mich., 15, 90 N. W., 669.

There is no evidence of an express contract and none to support an implied contract. From May, 1930, to February, 1931, an unusual drought prevailed and it was necessary for complainant, as superintendent of the waterworks department, to run the pumps at night. After he commenced running the pumps at night, he saw a member of the waterworks commission and demanded extra pay. The reply was that it was a matter for the municipal board. The member of the waterworks commission did not agree to pay complainant extra compensation.

The complainant also conferred with the mayor and the mayor told him that he was in favor of paying the men for the work done and that the matter would be presented to the municipal board, but that was not done. The complainant's claim for extra compensation was never presented to any municipal agency authorized to obligate the town to pay additional compensation.

At most we have the fact that complainant for the period stated, operated the pumps at night and demanded extra pay from a member of the waterworks commission and the mayor. No implication of a contract could arise from that circumstance.

Complainant's case does not fall within the rule applied in *Nashville* v. *Toney*, 10 Lea, 643, 647. In that case the claimant was not an employee of the city. She was the matron of St. Vincent's Hospital, where the city sent indigent patients to receive medical care. During a cholera epidemic, the mayor and sanitary commission, sent numerous patients to the hospital where they were cared for by Mrs. Toney and provided with nurses, lodging, and medicines at great expense. Her claim was not made for extra compensation in excess of the amount agreed upon by contract, but was based on extraordinary service made necessary by the unusual increase of patients sent out by duly authorized municipal agencies.

For the reasons stated, the judgment of the Court of Appeals must be reversed, that of the chancellor affirmed, and the cause dismissed.