## Lawson, Appellant, v. Allegheny County.

Argued March 30, 1937. Before Kephart, C. J., Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Mortimer B. Lesher,* for appellant.

*James A. Wright,* Assistant County Solicitor, and *Charles Alvin Jones,* County Solicitor, for appellee, were not heard.

OPINION BY MR. JUSTICE SCHAFFER, April 19, 1937:

Plaintiff was employed by the County of Allegheny as an architect at a salary of $3,000 a year. In this suit he claims to recover extra compensation in the sum of $5,-999.44, based upon the allegation that in doing additional architectural work at times not covered by the hours of his regular employment, at night, on Sundays and holidays, he worked 3,428¼ hours and that this extra service was worth $1.75 per hour. He asserts that the work was done on the orders of his superior and that the county commissioners knew of the work he was doing. He does not set up any express contract to pay for this service, but rests his demand on a quantum meruit. The extra hours claimed for almost equal those during which he regularly worked. The county filed an affidavit of defense raising questions of law, which the court sustained, and we have this appeal by plaintiff.

There can be no recovery for such extra services. In the case of municipal corporations, "Work outside of office hours ordinarily will not justify extra pay where the salary is definitely prescribed by law; and, in such case, services performed by the officer outside of his official duties will not entitle the officer to additional compensation. Knowledge on the part of the municipal authorities of the performance of extra service will not bind the local corporation to give additional pay. Nor

can extra compensation be allowed by virtue of usage, although of long standing. Nor will a promise to pay the officer extra compensation bind the municipal corporation, as such promise is against 'sound policy, and quasi-extortion' ": McQuillin on Municipal Corporations, 2nd Ed., Vol. 2, sec. 544. "It is a well-settled rule that a person accepting a public office, with a fixed salary, is bound to perform the duties of the office for the salary. He cannot legally claim additional compensation for the discharge of these duties, even though the salary may be a very inadequate remuneration for the services. . . . Whenever he considers the compensation inadequate he is at liberty to resign. The rule is of importance to the public. To allow changes and additions in the duties properly belonging or which may properly be attached to an office to lay the foundation for extra compensation, would produce intolerable mischief. The rule, too, should be rigidly enforced. The statutes of the legislature and the ordinances of our municipal corporations seldom prescribe with much detail and particularly the duties annexed to public office; and it requires but little ingenuity to run nice distinctions between what duties may and what may not be considered strictly official; and if these distinctions are much favored by courts of justice, it may lead to great abuse": Dillon, Municipal Corporations, (5th Ed.), Vol. 1, Sec. 426(233). A public officer cannot claim additional compensation for the discharge of his duties, though the latter be increased without any corresponding increase in his salary or fees: *Hays v. City of Oil City,* 8 Sadler 185, 11 A. 63; *Lehigh County v. Semmel,* 124 Pa. 358, 16 A. 876; *Bovaird v. Bradford,* 232 Pa. 600, 81 A. 719. A contract made by the commissioners of a county to give to the county solicitor, whose salary was fixed by law, an additional compensation for services to be rendered by him, lying within the sphere of his official duties as prescribed by statute, is ultra vires and incapable of ratification: *Lancaster v. Fulton,* 128 Pa. 48, 18 A. 384. As

was said by the court below: "Where one is engaged as a full time employee in the public service at a regular salary commensurate with services rendered and established in conformity with the law it must be presumed that all services rendered by such employee to the municipality within the scope of his ostensible employment are covered by the original contract. To hold otherwise would be to invite endless litigation for compensation for over or extra time on the part of public employees."

The order of the court below sustaining the affidavit of defense raising the questions of law is affirmed at appellant's cost.