## Dudrick v. City of Nanticoke

*Anthony B. Panaway*, for plaintiff.

*A. Peter Kanjorski, Jr., City Solicitor* and *Paul E. Kanjorski*, for defendant.

BIGELOW, J., March 4, 1969.—Plaintiff has brought this action in two counts in his complaint against the City of Nanticoke for payment of legal services rendered to the city while plaintiff was serving as city solicitor. The services were rendered in connection with two applications filed by the city to

the Community Facilities Administration of the Housing and Home Finance Agency of the United States of America, the first for a grant-in-aid of 50 percent, later increased to 58 percent, of the total costs of paving 25 streets in the city (first count), and the second for a grant-in-aid of 50 percent, later increased to 58 percent, of the total cost of laying sewer pipes or tubes in the Fourth Ward of said city (second count). Plaintiff avers that the services rendered by him to the city were not within the scope of his employment as city solicitor, that there was no precedent upon which the amount or type of services required could be determined, and that plaintiff on September 1, 1963, rendered a bill to defendant for his services relative to the first application in the amount of $4,000 (first count), and a bill for his services relative to the second application in the amount of $1,400 (second count). He further avers as to the $4,000 statement:

"8. The defendant accepted plaintiff's statement for the above (s)um and agreed to pay same."

The complaint further avers that defendant accepted plaintiff's statement for the services as to the first count, agreed to pay it and submitted these bills to the Federal government agency, identified above, that this agency approved these bills and forwarded the Federal government's contributions of 58 percent of these bills to defendant City of Nanticoke, which in turn certified to the Federal agency that all obligations of the project referred to in the first count had been paid, including plaintiff's bills for services rendered.

Defendant's preliminary objections are in the nature of a motion for more specific pleading, designated by defendant as count I of the preliminary objections, and a demurrer, count II, of the preliminary objections.

## I. THE DEMURRER

In the consideration of the demurrer to plaintiff's complaint, the court is guided by the principle:

"The question raised by the demurrer is whether upon the facts averred in the pleading being attacked the law says with certainty that the claim or defense is no good, and if there is *any* doubt as to whether the demurrer should be sustained it should be resolved against the objecting party' ": King v. United States Steel Corporation, 432 Pa. 140, 144 (Italics supplied.)

The first reason advanced in support of the demurrer, namely, that the alleged contract is oral and fails to meet statutory requirements of The Third Class City Code of June 23, 1931, P. L. 932, according to defendant's brief, refers specifically to section 1901 thereof in effect at the times of the averred services contracted and performed by plaintiff (plaintiff avers his employment as to the first count was on December 14, 1962, and as to the second count was October 26, 1962). Section 1901, Act of June 28, 1951, P. L. 662, as amended by Act of May 6, 1957, P. L. 105, and the Act of September 17, 1959, P. L. 906, as relevant to these proceedings, is as follows:

"Section 1901. Power to Make Contracts: Regulations Concerning Contracts. (a) Each city may make contracts for carrying into execution the provisions of this act and the laws of the Commonwealth. The council shall, by ordinance, provide for and regulate the award of all contracts. No contract shall be entered into or purchase made by the city in an amount involving more than two hundred dollars except upon council's approval thereof. All contracts or purchases not in excess of one thousand dollars shall be by note or memorandum in writing, signed by the officer or employe making the purchase or contract.

"(b) All services and personal properties required by any city, or any department thereof, where the

amount exceeds the sum of one thousand dollars, shall be furnished and performed under written contract, and the contract shall be awarded and given to the lowest responsible bidder, after advertising three times. . . .

. . . .

"(d) The contracts or purchases made by council involving an expenditure of over one thousand dollars, which shall not require advertising or bidding, as hereinbefore provided are as follows:

. . . .

"(5) Those involving personal or professional services."

The city's position is that the city could not legally make an oral contract to pay the solicitor $4,000 and $1,400 for the services pleaded. The court is of the opinion that the city is correct in this contention, however, as the court reads the complaint, it appears that this is an action upon the theory of quantum meruit as noted below and not a suit upon a legally binding express contract. There is no merit to this argument by the city in the determination of the demurrer.

The second reason in support of the demurrer is that plaintiff as solicitor was obligated to perform all legal services during his term for the set and definite salary at which he was appointed without any additional compensation. This reason assumes that plaintiff was hired for a specified term, rendered the services during that term, and had been appointed for a set and definite salary. None of these are averred in plaintiff's complaint. This reason thus is in the nature of a speaking demurrer and must be overruled: 2 Anderson Pa. Civ. Pract. §1017.51. Further, it completely ignores plaintiff's averment, admitted for the purpose of the demurrer, that the services were beyond the scope of his employment as solicitor: 2 Anderson, Pa. Civ. Pract. §1017.43.

The third reason in support of the demurrer is that there can be no quantum meruit recovery against a municipality. This is not the law in Pennsylvania. See Long v. Lemoyne Borough, 222 Pa. 311; Ohlinger v. Maidencreek Township, 312 Pa. 289; Allegheny City v. McClurkan & Co., 14 Pa. 81; Brubaker v. County of Berks, 47 Berks 1; Luzerne Township v. Fayette County, 330 Pa. 247.

"Municipal repudiation of honest indebtedness which the municipality intended to contract and could have lawfully contracted, is no more to be tolerated than individual repudiation of honest indebtedness merely because it was not incurred in pursuance of a duly executed express contract, unless the municipal charter or the statutes prohibit the municipality from incurring any liability by implication": Long v. Lemoyne Borough, 222 Pa. 311, 318.

Plaintiff avers an express oral agreement to pay the value of his services in processing the applications, his services, his statements for services rendered, the city's approval thereof, its submission thereof to the Federal agency, the approval by the Federal agency, the receipt by the city of 58 percent of the amount of plaintiff's statements from the Federal agency, and the certification to the Federal agency by the city that plaintiff's statements had been paid. This is an action in quantum meruit for the value of the services as allegedly agreed by the city and its then solicitor, the services having been requested, rendered and accepted.

The Council of the City of Nanticoke is authorized in its discretion to retain special counsel for particular proceedings or matters of the city and to fix his compensation by resolution, The Third Class City Code of June 23, 1931, P. L. 932, art. XVI, sec. 1601, amended by the Act of June 28, 1951, supra, P. L. 662, sec. 16.2, 53 PS §36610. This provision of The Third Class City

Code referring to particular proceedings or matters may be in conflict with the general provisions set forth in section 1603 of that code, defining the duties of the city solicitor, which states, in part:

". . . . He shall do all and every professional act incident to the office which he may be lawfully authorized and required to do by the mayor, or by any ordinance or resolution of the council": The Third Class City Code of June 23, 1931, supra, P. L. 932, art. XVI; section 1604, renumbered section 1603 and amended by the Act of June 28, 1951, P. L. 662, sec. 16.1, 53 PS §36603.

As the particular controls the general, with exceptions not germane here, Act of May 28, 1937, P. L. 1019, art. IV, sec. 63, 46 PS §563, it appears that the City of Nanticoke, notwithstanding the legislative mandate that the city solicitor perform "all and every professional act incident to the office," section 1603, supra, lawfully could have retained the services of a special counsel for the purpose of negotiating with the Federal agency and compensated such special counsel: section 1610, supra. Furthermore, it appears that this could have been done by resolution and would not require a written contract, notwithstanding section 1901, supra, 53 PS §36901. Was not plaintiff retained as special counsel for the purposes set forth in paragraph 3 of the complaint as to the street paving grant from the Federal agency (first count) and as to the 4th Ward sewer pipes grant (second count)? This appears to be exactly what is pleaded. From our reading of the complaint, it is clear that the city benefitted from the services of its then solicitor. The court does not consider Hays v. Oil City, an 1887 decision of the Pennsylvania Supreme Court reported in 8 Sadler 185, 11 Atl. 63, cited by defendants, as authority for defendant's demurrer. In that case, the city solicitor attempted to charge for codifying the city's ordi-

nances, which the appellate court determined to be within the normal duties of the solicitor and for which he was compensated by his salary. In the present dispute, as noted above, plaintiff details in paragraphs 5, 6 and 15 of his complaint, and in exhibits Nos. 1 and 2, attached thereto, the far-ranging activities in which he engaged as the result of his agreement with the city to process the applications. In all fairness it is possible that neither the Supreme Court nor the General Assembly envisaged the ramifications of legal and financial dealings with the agencies of the Federal government in the Hays decision or section 1603 of the code, supra. This apparently was recognized by the plaintiff and the city and is so pleaded. Thus, there is a doubt as to whether the demurrer should be sustained and it must be resolved against the objecting party: King v. United States Steel Corporation, supra.

For the above reasons, the demurrer will be overruled.

## II. THE MOTION FOR MORE SPECIFICITY

The first count of defendant's preliminary objections attacks plaintiff's complaint for lack of required specificity in that it does not in paragraphs 3 and 14 identify the person who hired plaintiff to perform the legal services in connection with the processing of the two applications, it does not identify the person or authority in paragraph 4 who agreed that plaintiff would submit his statement for services rendered at or near the conclusion of the projects, it does not in paragraph 7 identify the person or authority to whom plaintiff submitted his statements, it does not in paragraph 8 identify the persons or authority who agreed to pay the statements, it does not in paragraph 15 (second count) identify the persons who requested plaintiff to negotiate with the Federal agency and to prepare contracts, ordinances and loan applications and render other services for a period of about 2

years, it does not in paragraph 16 identify the persons or authority to whom plaintiff submitted the statement referred to in the second count, and that it does not specify the services which were extraordinary to plaintiff's duties as city solicitor, when these were rendered and the terms, conditions and standards for determining the value thereof.

As to the objections to paragraphs 3, 4, 7, 8, 14, 15 and 16, defendant's position is well taken. Defendant is entitled to know with whom plaintiff made the oral agreements, the official positions of these individuals at that time, to whom the statements were submitted and by whom these were approved, and the official positions of these individuals at the time: Printz v. Westmoreland Home and Land Co., 33 West. 199; Redington Hotel v. Guffey, 148 Pa. Superior Ct. 502. As to the nature of the services and when rendered, the court concludes that paragraphs 5, 6, and 15 of the complaint and exhibits nos. 1 and 2 attached thereto, sufficiently state these matters. Any additional information would be evidentiary. If defendant wishes more detailed information, its counsel may pursue discovery proceedings: Gibson v. Gibson, 50 Luz. 24; Urbanski v. Central Mutual Ins. Co., 52 Luz. 114.

## ORDER

Now, March 4, 1969, at 1:30 p. m., defendant's demurrer to plaintiff's complaint is overruled. The motion for a more specific complaint is sustained in part as to the identity and official position of the individuals with whom plaintiff dealt as to the averments of paragraphs 3, 4, 7, 8, 14, 15, and 16 of the complaint, and plaintiff is directed to file an amended complaint consonant with this decision within 20 days of the date hereof. As to all other objections, the motion for a more specific complaint is denied.