In Re: Petition of Lee A. Montgomery for Counsel Fees. County of Butler, Appellant.

Argued May 5, 1982, before Judges Rogers, Craig and Doyle, sitting as a panel of three.

*Kenneth Perkins,* with him *William C. Robinson,* County Solicitor, *Henninger & Robinson, for* appellant.

*Lee A. Montgomery, Galbreath, Braham, Gregg, Kirkpatrick, Jaffe & Montgomery,* for appellee.

Opinion by Judge Rogers, May 28, 1982:

Lee A. Montgomery, Esquire, the appellee, was the solicitor for the Prothonotary of Butler County, for which work, it seems, his salary fixed by the Salary Board of Butler County, was $650 a year. *See* Sections 1622 and 1623 of The County Code, Act of August 9, 1955, P.L. 323, 16 P.S. §§1622, 1623. The Prothonotary of Butler County in his official capacity was one of the defendants named in a suit brought in the United States District Court for the Western District of Pennsylvania and Mr. Montgomery, as solici-

tor for the Prothonotary spent about ten hours in attendance at a hearing and meetings and an unspecified amount of time in the "review of pleadings," "review of settlement agreements" and "correspondence."

We learned these facts from Mr. Montgomery's brief filed in this court and from his pleading called a "Petition for Counsel Fees" filed in the court below. In the latter document, addressed to the Judges of the Court of Common Pleas of Butler County, Mr. Montgomery after describing his activities in the federal suit, requested "reasonable counsel fees to be awarded for representing the plaintiff in the matter."[1]

A judge after a conference at which the county without filing an answer opposed the application, filed an order directing the county controller to pay Mr. Montgomery $500. The county has appealed and we reverse.

First, the gravamen of Mr. Montgomery's petition was that he was entitled to compensation for services —a claim properly pursued in an action at law against the county. As such it would be governed by Pennsylvania Rules of Civil Procedure 1007 requiring actions at law to be brought by praecipe for a writ of summons or a complaint or an agreement for an amicable action. A petition for an order is not a

---

[1] The word "plaintiff" used only in the body of the petition filed in the court below seems to be meant to refer to the prothonotary, although the petition is titled "In Re: Petition of Lee A. Montgomery, Esquire, for Counsel Fees," is signed only by Mr. Montgomery and does not mention the prothonotary except as the officer for whom Mr. Montgomery was solicitor. In his brief filed in this court, Mr. Montgomery without any basis in the record says that the prothonotary "felt that the sum [the annual $650] was inadequate compensation for the solicitor."

praecipe, complaint or agreement and the petition in this case should have been dismissed. *Hartmann v. Peterson,* 438 Pa. 291, 265 A.2d 127 (1970); *see Pennsylvania Crime Commission Petitions,* 446 Pa. 152, 285 A.2d 494 (1971). We do not think that the invocation of this rule in this case is an act of exalting form over substance (*see Tax Claim Bureau, German Township,* 496 Pa. 46, 436 A.2d 144 (1981) because the petition in this case had none of the ingredients of a complaint and no response in the form of an answer or other adversarial pleading was invited or made.

Second, the court had no power to order the county controller to pay the prothonotary's solicitor or anyone else for services to the county. That power is vested in the county executive and administrative officers, or in the case of county officers and employees, in the county salary board. *See* Section 1623 of The County Code, 16 P.S. §1623. Mr. Montgomery cites no authority for the proposition that a court, or a judge of a court, possesses inherent power to order payment of extra compensation to county employees and we are confident that there is none.

Finally, 42 Pa. C. S. §2735(b) provides that the prothonotary's solicitor "shall advise upon all legal matters that may be submitted by the prothonotary to him and shall conduct any litigation when required to do so by the prothonotary." There is no suggestion that Mr. Montgomery's activities with reference to the federal court action were any different from those described in the statute. His compensation for this work was his annual salary fixed by the salary board. A county officer whose salary is fixed as required by law may not have extra compensation for services within the sphere of his official duties. *Lawson v. Allegheny County,* 326 Pa. 242, 191 A.2d 600

6

(1937); *Snyder v. Naef,* 36 Pa. Commonwealth Ct. 39, 389 A.2d 212 (1978).

Order reversed.

### ORDER

AND Now, this 28th day of May, 1982, the order of the Court of Common Pleas of Butler County dated July 6, 1981 is reversed.