In re Petition for the APPROVAL
OF SPECIAL COUNSEL

**Appeal of Luzerne County
Retirement Board.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 2003.
Decided Jan. 12, 2004.
As Corrected Jan. 13, 2004.

Christopher P. Cullen, Dunmore, for appellant.

James P. Blaum, Wilkes–Barre, for appellee.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Luzerne County Retirement Board (Retirement Board) appeals from a February 3, 2003 order of the Court of Common Pleas of Luzerne County (trial court) which granted the Petition for Approval of Special Counsel filed by the solicitor of Luzerne County. The Retirement Board also appeals the trial court's March 1, 2003 order denying its Petition to Strike/Vacate the trial court's February 3, 2003 order. We affirm.

Some time before February of 2003, the Luzerne County solicitor was informed by a majority of the Luzerne County Commissioners (Commissioners) that they wished to discuss legal issues regarding securities law involving the Retirement Board. However, because the Retirement Board is composed of all three Commissioners, the county controller and the county treasurer and because the solicitor represents all three Commissioners as well as the controller and treasurer in their capacities as members of the Luzerne County Salary Board, the solicitor was presented with a conflict of interest. Additionally, the solicitor did not have anyone on his staff that was experienced in securities law. Therefore, on February 3, 2003, the Luzerne County solicitor filed a Petition for Approval of Special Counsel (Petition) with the trial court. The Petition indicated that Luzerne County, through the Commissioners, has been involved in a dispute involving the Merrill Lynch company and the Retirement Board concerning the management of the Luzerne County Pension Fund. Furthermore, the solicitor asserted that:

> 2. ... [T]he dispute ... involves a number of complex legal issues which faced Luzerne County and its Board of Commissioners in its efforts to maintain fiscal and responsible professional management of the Luzerne County Pension Fund ... In addition, there exists a strong prospect for litigation of said disputes. In order to enhance the possibility of successfully resolving the disputes and issues referenced above, expertise in the filed of securities law and securities litigation is necessary. The conditions of this matter are unusual and exceptional and a real requirement ex-

ists for additional professional skill and knowledge.

> 3. Attorney Christopher B. Jones ... has the necessary professional skill and knowledge to handle and be of assistance to Luzerne County in this matter ...

Based on these assertions, the solicitor asked that attorney Jones be approved to represent Luzerne County in these matters. On February 3, 2003, the trial court granted the Petition. Thereafter, the Retirement Board filed a Petition to Strike/Vacate the February 3, 2003 order. On March 1, 2003, the trial court denied the Retirement Board's Petition to Strike. The Retirement Board's appeal to this Court of the trial court's February 3, 2003 and March 1, 2003 orders followed.[1] The Retirement Board also filed an Application to Stay the Enforcement of the trial court's February 3, 2003 order, which was denied by order of this Court dated March 14, 2003.

On appeal, the Retirement Board argues that: 1) the Commissioners are prohibited from appointing a special counsel in this case because, pursuant to Section 9 of the Pension Law, the Retirement Board has the exclusive power to manage the fund and 2) the Petition is defective because it does not comply with the Rules of Civil Procedure.

Section 904 of the County Code provides that:

### § 904. Assistant county solicitors

*The county commissioners may appoint one or more assistant county solicitors, and, with the approval of the court of common pleas, **special counsel** who shall be attorneys at law admitted to practice in the courts of this Commonwealth.* Each assistant and special

---

1. Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law in granting the solicitor's Petition.

counsel shall perform such duties in connection with the legal affairs of the county as may be assigned to him by the county commissioners or the county solicitor.

(emphasis added).[2] Section 4 of the County Pension Law provides that:

### § 11654. County retirement system; county retirement board

(a) A retirement system may be established for county employes by resolution of the county commissioners in any county of the second class A, third class, fourth class, fifth class, sixth class, seventh class and eighth class. The retirement system shall be established on the first Monday of January of the year succeeding the one in which the resolution of the county commissioners was adopted.

(b) The system, when established, shall be administered by a county retirement board, consisting of five members, *three of whom shall be the county commissioners, the county controller and the county treasurer.* In counties having no elected county controller, the chief clerk of the county shall be a member of the board. The chairman of the board of county commissioners shall be chairman of the board. Each member of the board shall take an oath of office that he will diligently and honestly administer the affairs of the board, and that he will not knowingly violate or permit to be violated any of the provisions of this act. Such oath shall be subscribed by the member taking it, and shall be filed among the records of the board. The members of the board shall not receive any compensation for their services, but shall be reimbursed for all expenses necessarily incurred in the performance of

their duty. Three members of the board shall constitute a quorum.

(emphasis added).[3] Additionally, Section 9 of the County Pension Law provides that:

### § 11659. Management and investment of fund

The members of the board shall be trustees of the fund, and *shall have exclusive management of the fund* with full power to invest the moneys therein subject to the terms, conditions, limitations and restrictions imposed by law upon fiduciaries. Subject to like terms, conditions, limitations and restrictions, the trustees shall have power to hold, purchase, sell, assign, transfer or dispose of any of the securities and investments in the funds, as well as the proceeds of investments and of the moneys belonging to the fund.

The board shall annually allow regular interest on the mean amount for the preceding year to the credit of each of the accounts. The amount so allowed shall be credited to each contributor's account.

16 P.S. § 11659 (emphasis added). Further, Section 11 provides that:

The regular interest charges payable, the creation and maintenance of the necessary reserves for the payment of the county and members' annuities in accordance with this act, and the additional retirement benefits, are hereby **made obligations of the *county*.** The board shall prepare and submit to the county commissioners, on or before the first day of November of each year, an itemized estimate of the amounts necessary to be appropriated by the county to

---

**2.** Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 904.

**3.** Act of August 31, 1971, P.L. 398, 16 P.S. § 11654.

complete the payment of the obligations of the county during the next fiscal year.

16 P.S. § 11661 (emphasis added).

■ First, we address the Retirement Board's argument that the Commissioners are prohibited from appointing a special counsel in this case because, pursuant to Section 9 of the Pension Law, the Retirement Board has the exclusive power to manage the fund. Evidently, it is the view of the Retirement Board that the appointment of a special counsel in this case is an attempt by a majority of the County Commissioners to interfere with the Retirement Board's exclusive management of the pension fund. However, appointment of a special counsel in no way interferes with the Retirement Board's management of the pension fund. Rather, the majority of the County Commissioners are merely exploring their legal options with regard to problems that they perceive to exist with management of the fund. If the special counsel advises the County to bring legal action against the Retirement Board, then at that time the Retirement Board may make the argument that the majority Commissioners are impermissibly interfering with their management of the pension fund. However, at this point the majority Commissioners are only seeking legal advice, and the Retirement Board may not interfere with their attempts to seek such advice. The only limitation upon the Commissioners' ability to seek advice from a special counsel is that the appointment of a special counsel must be approved by the common pleas court. That approval has taken place, and this Court can find no abuse of discretion by the trial court in granting this approval. Furthermore, Section 11 of the County Code makes the "maintenance of the necessary reserves for the payment of the county and members' annuities" an obligation of the county. As such, although the *management* of the

pension fund is the sole responsibility of the Retirement Board, *maintenance* of the fund is an obligation of the county and the Commissioners cannot be prohibited from obtaining legal advice to assist them in their maintenance of necessary reserves for payment of the pension fund.

Second, we address the Retirement Board's argument that the Petition does not comply with the Rules of Civil Procedure. In support of its argument, the Retirement Board cites our decision in *In re Montgomery*, 67 Pa.Cmwlth. 2, 445 A.2d 873 (1982). In *Montgomery*, the solicitor's annual salary was fixed at $650. However, after performing legal work for the prothonotary, the solicitor filed a petition with the trial court seeking the payment of his attorney's fees, apparently because the prothonotary thought that the annual $650 salary was inadequate. The trial court granted the petition, and the county appealed. On appeal to this Court, we reversed, stating that:

First, the gravamen of Mr. Montgomery's petition was that he was entitled to compensation for services—a claim properly pursued in an action at law against the county. As such it would be governed by Pennsylvania Rules of Civil Procedure 1007 requiring actions at law to be brought by praecipe for a writ of summons or a complaint or an agreement for an amicable action. A petition for an order is not a praecipe, complaint or agreement and the petition in this case should have been dismissed. *Hartmann v. Peterson*, 438 Pa. 291, 265 A.2d 127 (1970); *see Petition of Pennsylvania Crime Commission*, 446 Pa. 152, 285 A.2d 494 (1971). We do not think that the invocation of this rule in this case is an act of exalting form over substance (*see Tax Claim Bureau, German Township*, 496 Pa. 46, 436 A.2d 144 (1981) because the petition in this case had none of the ingredients of a complaint

and no response in the form of an answer or other adversarial pleading was invited or made.

*Id.* at 874.

■ We believe that the *Montgomery* case is inapplicable here. In *Montgomery,* the solicitor was attempting to recover a fee in addition to his annual stipend. Because *Montgomery* was an adversarial proceeding, we held that recovery of this fee should have been pursued through at an action at law *against* the county *under Pa.R.C.P. No. 1007, which provides that actions must be commenced by either a praecipe for a writ of summons or a complaint and which, pursuant to Pa. R.C.P. No. 1018.1, must be accompanied by a Notice to Defend and then served on the defendant in accordance with Pa. R.C.P. No. 402.* In this case, the trial court was merely presented with a petition for appointment of a special counsel as provided for in the County Code. At the time the petition was filed, the majority Commissioners were not engaging in an adversarial proceeding against the Retirement Board, but were only following the administrative mandate of the County Code to obtain approval of the court. There are no provisions in either the Rules of Civil Procedure or the County Code for service of the Petition to be made on the Retirement Board or on other possible persons who could object to the approval sought by the Commissioners. The majority Commissioners were merely hiring legal counsel. Thus, the majority Commissioners were not required to provide the Retirement Board with a Notice to Defend, nor were they required to serve the Retirement Board with a copy of the Petition. Further, we note that Pa. R.C.P.

No. 206.5 would not be applicable. This Rule sets for the procedure for the issuance of a Rule to Show Cause when a party files a Petition under Pa. R.C.P. 206.1. Specifically, Pa. R.C.P. 206.5(b)(3) provides that a petitioner shall "give notice to all other parties of the intention to request the court to issue the rule." Because the Retirement Board was not, and was not required to be, a party to the majority Commissioners' Petition for Approval of Special Counsel, they would not be required to provide the Retirement Board with this notice.

In summary, the Retirement Board is premature in anticipating litigation where none has yet occurred. This case was not an adversarial proceeding. It was not an "action" against any entity which would require the filing of a complaint or praecipe for writ of summons *under Pa. R.C.P. 1007* or other legal matter where service of process *or notice of the action* is required under the Rules of Civil Procedure. The Retirement Board argues that this matter is an adversarial proceeding requiring notice, but cites scattered references to rules which are inapplicable unless the County Commissioners filed an action against the Retirement Board. Such is not the case. Rather, the filing of the Petition in this case was an administrative matter of the county which only required the filing of a petition for approval by the County without any requirement for notice to the Retirement Board or any other county-related agency. Therefore, the Commissioners were not required to initiate an action against the Retirement Board nor were they required to serve the Retirement Board with a copy of the Petition.[4]

---

4. The Retirement Board also filed a motion to strike certain items from the brief of the majority Commissioners. Because of the lateness of the filing of the motion right before

oral argument and because we affirm the order of the trial court, the Retirement Board's motion is dismissed as moot.

Accordingly, the order of the trial court is affirmed.

and March 1, 2003 are hereby AFFIRMED.

### *ORDER*

AND NOW, January 12, 2004, the orders of the Court of Common Pleas of Luzerne County dated February 3, 2003