**In re Petition for the APPROVAL OF SPECIAL COUNSEL.**

**Appeal of: Luzerne County Retirement Board.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 2004.

Decided Dec. 20, 2004.

Reargument Denied Feb. 23, 2005.

Christopher P. Cullen, Dunmore, for appellant.

James P. Blaum, Wilkes–Barre, for appellee.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The Luzerne County Retirement Board (Retirement Board) appeals from an order of the Court of Common Pleas of Luzerne County (trial court) dated January 23, 2004 which granted the Petition for Approval of Special Counsel filed by the Luzerne County Solicitor on behalf of the Luzerne County Board of Commissioners (Commissioners). We affirm.

The Petition for Approval of Special Counsel that is currently before this Court is the second such Petition that has been filed by the County Solicitor on behalf of the Commissioners. The first Petition indicated that Luzerne County, through the Commissioners, had been involved in a dispute involving the Merrill Lynch Company and the Retirement Board concerning the management of the Luzerne County Pension Fund. Therefore, the solicitor asked the trial court to approve the appointment of attorney Jones as special counsel to allow him to represent Luzerne County in these matters. On February 3, 2003, the trial court granted the Petition. The Retirement Board appealed to this Court. On appeal, the Retirement Board argued that the Commissioners were prohibited from appointing a special counsel because the Retirement Board has the exclusive power to manage the fund. We rejected the Retirement Board's argument and stated in a reported opinion that:

... pursuant to Section 9 of the Pension Law, the Retirement Board has the exclusive power to manage the fund. Evidently, it is the view of the Retirement Board that the appointment of a special

counsel in this case is an attempt by a majority of the County Commissioners to interfere with the Retirement Board's exclusive management of the pension fund. However, appointment of a special counsel in no way interferes with the Retirement Board's management of the pension fund. Rather, the majority of the County Commissioners are merely exploring their legal options with regard to problems that they perceive to exist with management of the fund. If the special counsel advises the County to bring legal action against the Retirement Board, then at that time the Retirement Board may make the argument that the majority Commissioners are impermissibly interfering with their management of the pension fund. However, at this point the majority Commissioners are only seeking legal advice, and the Retirement Board may not interfere with their attempts to seek such advice. The only limitation upon the Commissioners' ability to seek advice from a special counsel is that the appointment of a special counsel must be approved by the common pleas court. That approval has taken place, and this Court can find no abuse of discretion by the trial court in granting this approval. Furthermore, Section 11 of the County Code makes the "maintenance of the necessary reserves for the payment of the county and members' annuities" an obligation of the county. As such, although the *management* of the pension fund is the sole responsibility of the Retirement Board, *maintenance* of the fund is an obligation of the county and the Commissioners cannot be prohibited from obtaining legal advice to assist them in their maintenance of necessary reserves for payment of the pension fund.

*In re Approval of Special Counsel,* 840 A.2d 532, 535 (Pa.Cmwlth.2004). In addition, we rejected the Retirement Board's argument that the Petition did not comply with the Rules of Civil Procedure:

> At the time the petition was filed, the majority Commissioners were not engaging in an adversarial proceeding against the Retirement Board, but were only following the administrative mandate of the County Code to obtain approval of the court. There are no provisions in either the Rules of Civil Procedure or the County Code for service of the Petition to be made on the Retirement Board or on other possible persons who could object to the approval sought by the Commissioners. The majority Commissioners were merely hiring legal counsel. Thus, the majority Commissioners were not required to provide the Retirement Board with a Notice to Defend, nor were they required to serve the Retirement Board with a copy of the Petition
>
> · · ·
>
> In summary, the Retirement Board is premature in anticipating litigation where none has yet occurred. This case was not an adversarial proceeding. It was not an "action" against any entity which would require the filing of a complaint or praecipe for writ of summons under Pa. R.C.P. 1007 or other legal matter where service of process or notice of the action is required under the Rules of Civil Procedure. The Retirement Board argues that this matter is an adversarial proceeding requiring notice, but cites scattered references to rules which are inapplicable unless the County Commissioners filed an action against the Retirement Board. Such is not the case. *Rather, the filing of the Petition in this case was an administrative matter of the county which only required the filing of a petition for approval by the County without any requirement for notice to the Retirement*

*Board or any other county-related agency ...*

*Id.* at 536 (emphasis added).

Thereafter, on January 23, 2004, the County Solicitor filed a second Petition for Approval of Special Counsel. This is the Petition which is the subject of the current dispute before this Court. The Petition states that:

1. Luzerne County, by and through its Board of Commissioners, is and has been involved in a dispute involving the Luzerne County Retirement Board concerning the management of the Luzerne County Pension Fund and expenditures for outside legal services paid from the fund.

2. That this dispute involves a number of complex legal issues which face Luzerne County and its Board of Commissioners in its effort to maintain fiscal and responsible and professional management of Luzerne County finances and of the Luzerne County Pension Fund for the benefit of its members and contributors.

3. The Luzerne County Solicitor's Office is ethically conflicted from participating in the action arising as a result of the dispute between the County of Luzerne and the Luzerne County Retirement Board as the Solicitor's Office represents parties on both sides of this dispute in services rendered as Luzerne County Board of Commissioners and Luzerne County Salary Board.

4. By Order of this Court dated February 3, 2003 Attorney Christopher B. Jones ... was appointed special counsel upon request of the Luzerne County Board of Commissioners. It is respectfully submitted that it is the belief of the Board of Commissioners of Luzerne County that additional expertise in the field of litigation was and is required to enhance the possibility of successfully resolving the said dispute and issues referenced above. The conditions of this matter are unusual and exceptional and a real requirement exists for additional professional skill and knowledge in this matter.

5. On April 2, 2003 Attorney Christopher B. Jones filed an action in equity on behalf of Luzerne County in the Luzerne County Court of Common Pleas ... On December 29, 2003 a further filing was made in said action on behalf of Luzerne County.[1]

6. Attorney John P. Moses has the necessary professional skill and knowledge to handle and be of assistance to Luzerne County in this matter together with Attorney Christopher B. Jones. Attorney Moses has offered his professional services in this matter free of charge to the County of Luzerne since December 22, 2003.

WHEREFORE, based on the facts set forth above, on behalf of the County Commissioners of Luzerne County, the undersigned requests approval from the [Court] of Common Pleas of Luzerne County to retain John P. Moses, Esquire

---

1. We note that the December 29, 2003 action that the Petition refers to is a request for an injunction that was sought by the Board of Commissioners against the Retirement Board for the purposes of enjoining the Retirement Board from paying the legal and administrative costs associated with the Retirement Board's prosecution of a Federal Racketeering Influence and Corruption Act (RICO) civil action seeking $25–$75 million dollars from 26 defendants, including several former county commissioners who are represented by the County Solicitor and Attorney Moses. According to the Retirement Board's brief, the RICO action alleges that the defendants engaged in a pay-to-play bribery scheme through which the former county commissioners mismanaged the retirement funds of current and former Luzerne County employees in exchange for personal monetary gain.

to represent Luzerne County in the above referenced matter at no cost to Luzerne County effective December 22, 2003.

By order dated January 23, 2004, the trial court granted the Petition. On February 17, 2004, the Retirement Board filed a Notice of Appeal with this Court.[2] The Retirement Board also filed a Motion for Reconsideration with the trial court which was denied by order dated February 19, 2004. Pursuant to Pa. R.A.P.1925(a), on May 25, 2004 the trial court issued an opinion in support of its January 23, 2004 Order.[3]

On appeal, the Retirement Board argues that: 1) the trial court's actions in copying the County Solicitor's one page "brief" and issuing it in the form of a 1925(a) opinion was improper and an impediment to effective appellate review, 2) the 1925(a) opinion is not based upon verified facts, 3) the 1925(a) opinion is not supported by any evidence of record because the Commissioners presented no evidence in support of their Petition, thereby making any meaningful and effective appellate review impossible and 4) the trial court erred by granting the Petition because there is nothing in the record to indicate that the Commissioners first took official action to appoint special counsel before presenting a petition for approval of the special counsel to the trial court.

Section 904 of the County Code provides that:

§ 904. Assistant county solicitors

The county commissioners may appoint one or more assistant county solicitors, and, *with the approval of the court of common pleas, special counsel who shall be attorneys at law admitted to practice in the courts of this Commonwealth.* Each assistant and special counsel shall perform such duties in connection with the legal affairs of the county as may be assigned to him by the county commissioners or the county solicitor.

(emphasis added).[4] Additionally, Section 4(b) of the County Pension Law provides that:

§ 11654. County retirement system; county retirement board

(b) The system, when established, shall be administered by a county retirement board, consisting of five members, *three of whom shall be the county commissioners, the county controller and the county treasurer.* In counties having no elected county controller, the chief clerk of the county shall be a member of the board. The chairman of the board of county commissioners shall be chairman of the board. Each member of the board shall take an oath of office that he will diligently and honestly administer the affairs of the board, and that he will not knowingly violate or permit to be violated any of the provisions of this act. Such oath shall be subscribed by the member taking it, and shall be filed among the records of the board. The members of the board shall not receive any compensation for their services, but shall be reimbursed for all expenses necessarily incurred in the performance of their duty. Three members of the board shall constitute a quorum.

---

2. Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law in granting the solicitor's Petition.

3. The 1925(a) opinion is a nearly exact copy of the one page "brief" that the County Solicitor submitted in support of the Petition.

4. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 904.

(emphasis added).[5] Section 9 of the County Pension Law further provides that:

### § 11659. Management and investment of fund

The members of the board shall be trustees of the fund, and *shall have exclusive management of the fund* with full power to invest the moneys therein subject to the terms, conditions, limitations and restrictions imposed by law upon fiduciaries. Subject to like terms, conditions, limitations and restrictions, the trustees shall have power to hold, purchase, sell, assign, transfer or dispose of any of the securities and investments in the funds, as well as the proceeds of investments and of the moneys belonging to the fund.

The board shall annually allow regular interest on the mean amount for the preceding year to the credit of each of the accounts. The amount so allowed shall be credited to each contributor's account.

16 P.S. § 11659 (emphasis added).

First, we must address the Retirement Board's argument that the trial court's actions in copying the County Solicitor's one page "brief" and issuing it in the form of a 1925(a) opinion was improper and is an impediment to effective appellate review of this matter. In support of its argument, the Retirement Board cites our decision in *Milan v. Dept. of Transportation*, 153 Pa.Cmwlth. 276, 620 A.2d 721 (1993). In that case, we stated that:

The trial court in this case failed to draft an opinion in support of its order as required by Pa.R.App.P.1925(a), choosing instead to adopt DOT's entire brief in opposition to Milans' motion for post-trial relief as its opinion. Specifically, the trial judge stated that he was convinced, after substantial review of Mi-

lans' statement of matters complained of on appeal, that all asserted points of error were thoroughly treated in the brief of DOT in opposition to the motion for post trial relief. He further stated that DOT's brief, thoroughly documented by reference to the notes of testimony, explained and supported the *court's* rulings in a cohesive and well researched manner consistent with the approach otherwise taken by he and his staff in composing an original opinion. While the trial court's action is technically correct according to the Pennsylvania Rules of Appellate Procedure, we find the adoption of a party's brief, which is necessarily prepared from an advocate's point of view, wholly inappropriate. A trial court opinion should reflect the independent thought and reasoning of the court. While we are well aware of the enormous caseload of the trial courts in this Commonwealth, this type of corner cutting in an attempt to save time and effort is frowned upon by this court.

*Id.* at 723 n. 2. This Court, however, did not remand the case to the trial court because of its actions regarding the 1925(a) opinion. Rather, we affirmed the trial court and admonished it for copying DOT's brief. The Retirement Board also cites a Supreme Court Post Conviction Relief Act death penalty case in support of its argument. In that case, the trial court adopted a party's brief and used it for the 1925(a) opinion. The Supreme Court remanded the case to the trial court and stated that: "We cannot, however, in this post-conviction case involving a review of the propriety of a death sentence, condone the wholesale adoption by the post-conviction court of an advocate's brief." *Commonwealth v. Williams*, 557 Pa. 207, 224–225, 732 A.2d 1167, 1176 (Pa.1999).

---

**5.** Act of August 31, 1971, P.L. 398, 16 P.S. § 11654(b).

In this case, it was certainly improper for the trial court to copy the City Solicitor's brief and use it for the 1925(a) opinion. However, *Williams* was a death penalty case. The situation in the case now before this Court is substantially different from the one in *Williams*. Furthermore, we do not believe that the trial court's actions have impaired our ability to conduct an effective appellate review of this case. Therefore, we decline to remand this case to the trial court. Rather, as we did in *Milan*, we only admonish the trial court for copying the City Solicitor's brief and using it for the 1925(a) opinion.

■ Second, the Retirement Board argues that the 1925(a) opinion is not based upon verified facts. Pa.R.C.P. No. 1024(a) provides that:

(a) Every *pleading* containing *an averment of fact not appearing of record* in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and *shall be verified* . . .

(emphasis added). Pa. R.C.P. No. 1017(a) provides that:

(a) Except as provided by Rule 1041.1 [which deals with asbestos litigation], the pleadings in an action are *limited to* a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto.

(emphasis added).

■ As we stated in our previous opinion, a petition for approval of special counsel is not an "action" that is subject to the Rules of Civil Procedure. Rather, it is an administrative matter. Thus, it is not a pleading under Pa. R.C.P. No. 1017(a). Because Pa. R.C.P. No. 1024(a) limits verification to pleadings, the Commissioners were not required to submit a verified Petition to the trial court. Therefore, we reject the Retirement Board's argument that the 1925(a) opinion was defective because it was based upon unverified facts.

Third, the Retirement Board argues that the 1925(a) opinion is not supported by any evidence of record because the Commissioners presented no evidence in support of their Petition. Thus, meaningful, effective appellate review is impossible. Fourth, the Retirement Board argues that the trial court erred by granting the Petition because the Commissioners did not first take official action to appoint special counsel before presenting the Petition for approval to the trial court. We will address the third and fourth arguments simultaneously.

In support of its argument, the Retirement Board points out that Section 904 of the County Code provides, in relevant part, that: "The county commissioners may appoint one or more assistant county solicitors, and, with the approval of the court of common pleas, special counsel . . ." Therefore, the Retirement Board asserts that the Commissioners must first appoint special counsel and then, only after this first step has been completed, the Commissioners must have that decision approved by the trial court. The Retirement Board argues that the trial court erred by granting the Petition because there is nothing in the record which shows that the Commissioners ever took the first step of voting to appoint special counsel. In fact, the Retirement Board cites to the minutes from a January 21, 2004 public meeting of the Commissioners to prove that Attorney Moses was never appointed by the Commissioners:

Commissioner Urban requested a Motion to withdraw and discontinue a legal action challenging the county pension fund's payment of legal fees to pursue a racketeering suit against past money managers and county commissioners.

Commissioner Urban further noted that the Commissioners have not voted to hire Attorney John Moses to handle the legal matter ... Commissioner Skrepenak declined to pursue this issue further at this time citing that both he and Commissioner Vonderheid needed to research this issue further.

...

Attorney Blaum [the County Solicitor who filed the Petition] advised the Commissioners that although Attorney Moses had volunteered his services free of charge, under the County Code, if the Commissioners wished to retain Mr. Moses' services, regardless of the fee, would require the Commissioners vote. Request a Motion to **TABLE** the Motion until further review

It was moved by Commissioner Vonderheid, seconded by Commissioner Skrepenak.

**"AYES" SKREPENAK, VONDERHEID "NAYES" URBAN.**

(R.R. at 43; emphasis in original).[6] Thus, although the Commissioners discussed whether or not they should hire Attorney Moses, it is clear that Attorney Moses was not hired at the January 21, 2004 meeting.

In their brief, the Commissioners state that, on the evening of January 22, 2004, they voted 2–1 in a telephone poll to hire Attorney Moses. However, the Retirement Board filed a Motion to Strike this and other alleged factual references in the Commissioners' brief because there was no support for these allegations in the Certified Record. By Order dated September 13, 2004, this Court stated that:

... upon consideration of [the Retirement Board's] application for relief and the answer thereto, the application is granted.

It appearing that pages 2, 3, 4 and 5 of [the Commissioners'] brief rely extensively on facts not of record, those pages of [the Commissioners'] brief are stricken ..."

Therefore, we may not consider the Commissioners' argument that they voted in a telephone poll to appoint special counsel because there is nothing in the record to support such an argument. However, in the pages of its brief that were not stricken by this Court, the Commissioners argue that the Retirement Board does not have standing to challenge the Petition. Accordingly, we will proceed to address this argument.

■ It is well-settled that, in order to have standing to appeal, a party must show that its interest in the matter being appeal is: 1) direct, 2) substantial and 3) immediate. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 202, 346 A.2d 269, 286 (1975).

■ As with the previous Petition For Approval of Special Counsel, this matter was not an adversarial proceeding which was initiated against the Retirement Board. Rather, it was an administrative matter. Accordingly, the Commissioners were not required to provide the Retirement Board with notice of the Petition or an opportunity to be heard. The basis for the Retirement Board's objection to the hiring of a special counsel by the Commissioners arises from its belief that the Commissioners will at some point use the legal advice they gain from the special counsel to interfere with its management of the pension fund. Certainly, litigation has taken place between the Commissioners and the Retirement Board. *See supra* note 1. However, the Retirement Board has not shown that seeking the advice of special counsel is akin to impermissibly

---

**6.** The Retirement Board submitted these minutes to the trial court as an Exhibit to its

Motion for Reconsideration, thereby making them part of the Certified Record in this case.

interfering with its management of the pension fund. For these reasons, the Retirement Board's interest in the trial court's decision to grant the Petition is neither direct, substantial or immediate. Therefore, we conclude that the Retirement Board does not have standing to challenge the Petition. Because the Retirement Board does not have standing, we need not address its argument that the trial court erred by granting the Petition because the record does not show that Attorney Moses was first appointed by the Commissioners before they sought to have his appointment approved by the trial court.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, December 20, 2004, the order of the Court of Common Pleas of Luzerne County is hereby AFFIRMED.