# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:                   :

                             :

JohnCarlo Oren           :

                             :

Approbriation of         :

Appointment of Deputy   :

Constable for the        :

Borough of Delaware    :

Water Gap              :   No. 32 C.D. 2016

                             :   SUBMITTED: September 16, 2016

Appeal of: Manuel Rodriguez   :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JOSEPH M. COSGROVE, Judge


OPINION BY JUDGE COSGROVE        FILED: April 10, 2017


Constable Manuel Rodriguez (Appellant) appeals from the December 8, 2015 order of the Court of Common Pleas of Monroe County (trial court) denying his petition for appointment of JohnCarlo Oren (Oren) as his deputy constable. Upon review, we affirm.

Appellant petitioned the trial court to approve his appointment of Oren as his deputy pursuant to Section 7122(a) of Title 44 of the Pennsylvania Consolidated Statutes.[1] The trial court scheduled a petition hearing and directed

---

[1] Section 7122(a), in relevant part, states:

(a) General rule.--Sole power to appoint deputy constables in a ward, borough or township is vested in the constable of the ward, borough or township, subject to approval of the court of common pleas under subsection (b). No person shall be appointed as a deputy constable unless, at the time of appointment, he is a bona fide resident of the ward, borough or township for which he is appointed and he continues to be a bona fide resident for the duration of the appointment.

the District Attorney of Monroe County to perform a background investigation of Oren. The trial court directed the District Attorney to file any objections to the petition at least five days prior to the petition hearing.

Appellant and Oren both appeared and testified at the petition hearing. The District Attorney appeared through an Assistant District Attorney and the Chief County Detective, the person who conducted Oren's background investigation. The District Attorney contested Appellant's petition for the following reasons: Appellant attached a Pennsylvania State Police Records Check Certificate (PA Clearance Certificate) to his petition indicating Oren did not have a criminal record, yet Oren had a criminal history consisting of three Driving Under the Influence (DUI) or DUI-related convictions amassed in other jurisdictions, some of which occurred when he was using a prior name; Oren did not list his prior name when requesting the PA Clearance Certificate; Oren was the subject of a criminal investigation for fraud and forgery based on withdrawals made from a bank account into which he had deposited checks that were not honored; and the Court of Common Pleas of Pike County previously suspended Oren's appointment as Constable for Lehman Township, Pike County because Oren left the jurisdiction without informing the court he moved. (Trial Court Opinion (T.C.O.), 1/22/16, at 2-3.)

The trial court denied Appellant's petition based on the results of the criminal background check, the dishonest and evasive nature Oren exhibited while explaining his previous convictions, and the ongoing investigation. (T.C.O. at 3-5, 13-14.) Further, the trial court noted neither Appellant nor Oren submitted a lease Appellant referenced (but did not attach to the petition) as proof he met the residency requirement of Section 7122(a). 44 Pa.C.S. § 7122(a); (T.C.O. at 6, 15).

---

44 Pa.C.S. § 7122(a).

2

Appellant asserted Oren "blindsided" him because he was not aware of Oren's criminal history, or the ongoing criminal investigation, because Oren gave Appellant the PA Clearance Certificate only under his current name. (T.C.O. at 5.) Oren admitted he applied for a PA Clearance Certificate solely under the name he currently uses.

Appellant raises four issues for our review,[2] reproduced below verbatim.

1) Did the Court of Common Pleas err as a matter of law by applying a "suitability" test to the approbation of an appointment of a deputy constable where the language of 44 Pa.C.S. Section 7122 is unambiguous and where such application would violate the separation of powers?

2) Did the Court of Common Pleas err as a matter of law where it improperly relied upon participation by and evidence provided by the District Court Attorney's Office when the statute contemplates an *ex parte* non-adversarial hearing and the District Attorney's Office is not directly and substantially implicated in the matter?

3) Even if its participation were proper, did the Court err by allowing the District Attorney's Office to be heard where the District Attorney did not provide advance notice of objection to the Petitioner as required in the Court's Order, therefore depriving petition [sic] of the ability to rebut the facts that the Office of the District Attorney was disputing, including Mr. Oren's alleged criminal history, in violation of the Court's Order and the Petitioner's rights to Procedural Due Process in the exercise of his statutory right to appoint a deputy constable?

4) Given the lack of notice of the objection of the District Attorney, did the Court commit an abuse of discretion in denying Petitioner's Motion to Vacate the Order denying the petition?

(Appellant's Brief at 4-5.)

---

[2] Appellant's issues preserved on appeal are issues of law and, as such, are subject to this Court's plenary review. *Hough v. Workers' Compensation Appeal Board (AC&T Companies)*, 928 A.2d 1173, 1181 (Pa. Cmwlth. 2007).

3

Initially we note the trial court held that Appellant waived all of his issues on appeal, because he raised them for the first time in his Pa.R.A.P. 1925(b) statement. (T.C.O. at 8-10.) In his motion to vacate, Appellant alleged the District Attorney did not raise any objections to Appellant's appointment of Oren prior to the petition hearing despite the trial court's November 5, 2015 order. Appellant further argued the trial court improperly denied Appellant's motion to vacate because it relied, in part, on the District Attorney's untimely objections. (Reproduced Record at 52-53.)

We construe these arguments to have adequately raised Appellant's second, third, and fourth issues complained of on appeal. Accordingly, we decline to find waiver on these three issues. However, Appellant indeed raises his first issue for the first time in his Rule 1925(b) statement. As such, Appellant waived his first issue, and we cannot address it. Pa.R.A.P. 302(a).

In his second issue, Appellant alleges the trial court erred as a matter of law by improperly relying upon the participation of the District Attorney's Office and the evidence it presented. Appellant argues Section 7122(b) governs the hearing process and requires a non-adversarial proceeding. (Appellant's Brief at 16-17.) Relying on a dissenting opinion in *In re: Fry*, 110 A.3d 1103 (Pa. Cmwlth.), *appeal denied*, 123 A.3d 332 (Pa. 2015), Appellant asserts the District Attorney participated in the petition hearing without standing to do so.[3]

In *Fry*, this Court granted *en banc* review to consider whether the trial court erred in requiring a constable to demonstrate need for appointment of a deputy constable, a requirement not included in Section 7122. In considering this issue, the *Fry* Court addressed its decision in *In re Hunter*, 782 A.2d 610 (Pa.

---

[3] We note Appellant also cites *In re Approval of Special Counsel*, 866 A.2d 1157 (Pa. Cmwlth. 2005) to support this argument. However, *In re Approval of Special Counsel* is inapplicable because it addressed whether a retirement board had standing to challenge a petition for approval of special counsel filed by a county solicitor.

Cmwlth. 2001) which required a constable to show need for appointment of a deputy constable. The *Fry* Court ultimately overturned this needs test. *Fry*, 110 A.3d at 1108. In doing so, this Court determined that, instead of a needs test, courts should exercise their discretion in offering their approval of only "suitable" candidates. *Id.* at 1109. The *Fry* Court concluded the District Attorney is "chief law enforcement officer for the county in which he is elected." *Id.* at 1110. As such, the District Attorney has standing in any petition for approbation of appointment of a deputy constable under Section 7122 to present evidence of the candidate's suitability to the trial court.

Although *Fry* is a plurality opinion, it nonetheless guides our decision herein. Further, the *Fry* Court's holding has not been extinguished nor diminished in the years since it was issued. Accordingly, we must hold that the District Attorney did have standing to participate in the approbation hearing of Oren. As such, Appellant is not entitled to relief on this issue.

Furthermore, Section 7122(b) establishes that, except in certain circumstances not applicable here, "no deputy shall be appointed, either by general or partial deputization, without approbation of the court of common pleas of the county . . . at the request and risk of the plaintiff or his agent." 44 Pa.C.S. § 7122(a). Approbation is defined as "an act of approving formally or officially."[4] As such, the trial court must have a basis for such approval, and is certainly entitled to inquire about the quality of the nominee for appointment in order to have a fair assessment of whether to offer its approval.

In his third issue, Appellant argues that, even if the participation of the District Attorney were proper, the trial court erred by allowing the District Attorney to testify when it did not provide advance notice of objection to Oren's

---

[4] *Approbation*, Merriam-Webster Online Dictionary, 2017, https://www.merriam-webster.com (last visited February 28, 2017).

5

appointment. (Appellant's Brief at 19.) Appellant claims the trial court "should have required the District Attorney to follow the Order of [the] [trial c]ourt, which was to file an objection within five days of the hearing." (Appellant's Brief at 20.) Appellant asserts the District Attorney was required to file objections prior to Appellant's hearing, because Appellant had a statutory right to seek approbation of his deputy constable. (Appellant's Brief at 20-21.) Appellant, however, fails to cite any authority in support of this issue and, consequently, Appellant has not appropriately developed it for our review. Pa.R.A.P. 2119(a). This failure constitutes waiver of the issue. *In re Tax Claim Bureau of Lehigh County 2012 Judicial Tax Sale,* 107 A.3d 853, 857 n.5 (Pa. Cmwlth. 2015).

To the extent Appellant intended to argue he did not have sufficient notice of the District Attorney's findings, this argument fails. The trial court ordered the District Attorney to perform a background investigation of Oren more than 30 days prior to the petition hearing. This order was likewise served on Appellant more than thirty days before the petition hearing. Appellant therefore had advanced notice that the District Attorney would conduct a background check. As mentioned, a PA Clearance Certificate indicating Oren did not have a criminal record was attached to Appellant's petition. That Oren failed to disclose his prior legal name with the accompanying PA Clearance Certificate to enable Appellant to conduct a complete background check is not the fault of the District Attorney.

Lastly, Appellant argues the trial court abused its discretion in denying his motion to vacate. Appellant rests this issue on his statement that "for all of the reasons set forth above, the court should have permitted [Appellant] a new hearing" so that he could "meaningfully create a record," "to clarify" who the proper participants were, and to "provide evidence to contest the District Attorney's evidence regarding 'suitability'." (Appellant's Brief at 21.) Appellant fails to cite any authority in support of this issue. Pa.R.A.P. 2119(b). Appellant's

6

failure precludes meaningful review of this issue, and we will not make Appellant's arguments for him. Accordingly, Appellant's last issue on appeal is also waived. *Browne v. Commonwealth,* 843 A.2d 429, 435 (Pa. Cmwlth. 2004) (At the appellate level, a party's failure to include relevant authority results in waiver.).

As Appellant is not entitled to relief on any of his issues raised on appeal, the order of the trial court is affirmed.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re:                                    :
                                          :
JohnCarlo Oren                            :
                                          :
Approbriation of                          :
Appointment of Deputy                     :
Constable for the                         :
Borough of Delaware                       :
Water Gap                                 :    No. 32 C.D. 2016
                                          :
Appeal of:  Manuel Rodriguez              :


## O R D E R


AND NOW, this  10th day of April, 2017, we affirm the December 8, 2015 order of the Court of Common Pleas of Monroe County.


_____
JOSEPH M. COSGROVE, Judge